UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LESLY METHELUS, ROSALBA ORTIZ,
ZOILA LORENZO, MARIA ANGE
JOSEPH, EMILE ANTOINE, LUCENIE
HILAIRE DUROSIER, MARTA ALONSO
and WAYBERT NICOLAS, on behalf of
Y.M., a minor, on behalf of themselves
and all others similarly situated

       Plaintiffs,

v.                                                Case No: 2:16-cv-379-FtM-38MRM

THE SCHOOL BOARD OF COLLIER
COUNTY, FLORIDA and KAMELA
PATTON,

       Defendants.
                                               /

## **OPINION AND ORDER**[1]

       This matter comes before the Court on Plaintiffs/Counter-Defendants' Motion to Dismiss the Amended Counterclaim.[2] (Doc. 84). Defendants/Counter-Plaintiffs School

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] Since Plaintiffs filed this motion, the Court granted their motion to substitute parties (Doc. 114) and their voluntary dismissal of several named plaintiffs (Doc. 113). This means the only remaining plaintiffs are Nehemy Antoine, Techeler Junior Hilaire, and Mara Alonso as next friend on behalf of I.A., a minor. For ease of reference, the Court will collectively refer to them as "Plaintiffs."

Board of Collier County, Florida and Superintendent Kamela Patton have filed a response in opposition. (Doc. 94). For the following reasons, the Court grants the motion to dismiss.

## BACKGROUND

Plaintiffs are foreign-born, English Language Learners who were allegedly excluded from free public education in Collier County, Florida. (Doc. 76). They bring this action under, among other statutes, the Equal Educational Opportunities Act of 1974 ("EEOA"), 20 U.S.C. § 1703, and the Florida Education code. According to Plaintiffs, the School Board and Superintendent Patton denied them "equal access to educational opportunities as a result of Defendants' custom, policy, and practice of excluding them and those similarly situated from enrollment in public schools." (Doc. 76 at ¶ 1).

Pertinent here, Defendants[3] have filed an amended counterclaim for declaratory relief. (Doc. 80 at 11-25). They seek thirteen declarations regarding various issues of law. These declarations piggyback Defendants' principle defense, which is that the EEOA has not preempted Florida's Education code and the School Board's home rule powers to set age, academic, and other requirements for high school enrollment. For example, Defendants want this Court to declare that, in enacting the EEOA, Congress did not mandate the following:

- that persons un-qualified for high school be enrolled because of their race or national origin;

- enrollment in regular high school of students with limited or interrupted formal educations ("SLIFEs") who do not otherwise meet state high school age and academic requirements because of their lack of proficiency in English;

---

[3] Although the School Board and Superintendent Patton both bring the counterclaim, it is framed on the School Board's behalf. (Doc. 80 at 11, ¶¶ 1, 4). Nevertheless, the Court will refer to the School Board and Superintendent collectively as "Defendants."

- that SLIFEs be educated until age 21;

- that all SLIFEs of high school age be educated in a regular high school;

- pre-empt Florida's academic enrollment requirements in subjects other than English;

- pre-empt the School Board's age requirements for enrollment in high school as applied in Policy 5112.01; and

- continued matriculation of students in regular high school who fail because they did not attend classes regularly, did not put forth sufficient effort to succeed at grade level, or fail to advance in grade.

(Doc. 80 at 23-24). They also want this Court to decide "[t]hat under Florida Law, a local school board may make the determination that persons 16 years of age or older, including Plaintiffs, have 'aged out' of the public school system, even if they are immigrants or lack proficiency in English." (Doc. 80 at 24).

Plaintiffs move to dismiss Defendants' counterclaim for lack of standing and failure to state a claim under Federal Rule of Civil Procedure 12(b). The Court will address only the former argument, as it is dispositive.

## LEGAL STANDARD

Standing may be challenged under Rule 12(b)(1) for lack of subject matter jurisdiction. *See Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (per curiam) ("Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction[.]" (citation omitted)). A Rule 12(b)(1) attack can be facial or factual. *See McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (citation omitted). A facial attack – as Plaintiffs bring here – challenges jurisdiction based on the pleadings. *See id.* (citation omitted). In addressing this type of motion, the

court accepts the pleading's allegations as true and examines whether it has sufficiently alleged jurisdiction. See id.

## DISCUSSION

The standing doctrine stems from Article III of the Constitution, which limits federal courts' jurisdiction to cases or controversies, i.e., actual legal disputes. U.S. Const. Art. III § 2. "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Gladstone Realtors v. Vill. of Bellwood*, 441 U.S. 91, 99 (1979) (internal quotations and citation omitted).

Like all claims, a request for declaratory relief is subject to the standing doctrine. Under the Declaratory Judgment Act, a party has standing to bring an action only if an "actual controversy" exists. 28 U.S.C. § 2201. "This 'actual controversy' is the same as a justiciable 'case or controversy' under Article III." *Indus. Eng'g & Dev., Inc. v. Static Control Components, Inc.*, No. 8:12-cv-691-T-24-MAP, 2014 WL 3828430, *1 (M.D. Fla. Aug. 4, 2014) (citations omitted). To establish a case or controversy sufficient to invoke jurisdiction under the Declaratory Judgment Act, a party must show that "(1) [it] is likely to suffer a future injury; (2) [it] is likely to suffer the injury at the hands of the [opposing party]; and (3) the relief [it] seeks will likely prevent the injury from occurring." *Navellier v. Florida*, 672 F. App'x 925, 928 (11th Cir. 2016). And the party claiming a declaratory judgment must show that an Article III case or controversy existed at the time it filed a claim for declaratory relief, not that a future justiciable issue might develop. See *Arris Grp., Inc. v. British Telecomm. PLC*, 639 F.3d 1368, 1373 (Fed. Cir. 2014).

Boiled down, Defendants' counterclaim asserts their interpretation of the law (specifically the EEOA) and seeks this Court's endorsement. But Defendants cannot use

a declaratory judgment to obtain an advisory decision from the court. Doing so would subvert the very core of Article III's justiciable requirements. *See Coffman v. Breeze Corps. Inc.*, 323 U.S. 316, 324 (1945) (stating a declaratory judgment action "may not be made the medium for securing an advisory opinion in a controversy which has not arisen"); *Bochese*, 405 F.3d at 974 ("In the absence of standing, a court is not free to opine in an advisory capacity about the merits of a plaintiff's claims." (citations omitted)). Instead, "[f]or a declaratory judgment to issue, there must be a dispute which calls, not for an advisory opinion upon a hypothetical basis, but for an adjudication of present right upon established facts." *Ashcroft v. Mattis*, 431 U.S. 171, 172 (1997) (internal quotations and citation omitted). Defendants have alleged no facts to support an actual dispute. Their counterclaim instead asks this Court to advise on the EEOA and its statutory reach outside the context of Plaintiffs' claims. That is untenable. *See, e.g., Klinger v. Conan Doyle Estate, Ltd.*, 755 F.3d 496, 498-99 (7th Cir. 2014) ("It would be very nice to ask federal judges for legal advise . . . But that would be advisory jurisdiction, which, . . . is both inconsistent with Article III's limitation of federal jurisdiction to actual disputes, . . . and would swamp the federal courts[.]").

Defendants do not shy away from the fact that their counterclaim seeks legal declarations distinct from the underlying lawsuit. They argue, however, that the threat of future litigation provides standing to seek such broad declaratory relief. According to Defendants, the Second Amended Complaint "does not ask the court to address the myriad of enforcement actions with which they have threatened even if the Board were to enroll Plaintiffs in 'regular high school.'" (Doc. 80 at 13, ¶ 22). And "[b]ecause resolution of the Plaintiffs' . . . action will not resolve the issues that are certain to arise [in the future],

the unresolved issues present a very real threat of Plaintiffs filing additional future complaints and enforcement actions against the Board." (Doc. 80 at 13-14, ¶ 23).

Defendants' position falls flat. Possible future litigation in this context is not a sufficient injury-in-fact for standing. It is the opposite. It is imaginary, illusory, and speculative. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (stating an injury-in-fact means a party suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical" (internal quotation marks omitted)); *see also Iglesia Cristiana El Buen Samaritano, Inc. v. Guardian Servs., LLC*, No. 11-2188-CIV, 2011 WL 5854640, at *4 (S.D. Fla. Nov. 21, 2011) (dismissing a counterclaim for lack of standing because it was based on an uncertain outcome of plaintiffs' lawsuit). The Court declines to give Defendants a general shield to thwart future litigation. It can (and will) decide only the actual case before it.

In addition, to establish an injury in fact, Defendants must point to a "legally protected interest" that Plaintiffs have allegedly invaded. *Bochese*, 405 F.3d at 980. "No legally cognizable injury arises unless an interest is protected by statute or otherwise." *Id.* The EEOA is designed to protect equality in education for children in public schools. It does not protect school boards. *See* 20 U.S.C. § 1703 (stating "[n]o State shall deny equal educational opportunity to an individual on account of his or her race, color, sex, or national origin, by the failure of an educational agency to take appropriate action to overcome language barriers that impede equal participation by its students in its instructional programs").

This is not to say that Defendants are without recourse. Their affirmative defenses are largely duplicative of the declaratory relief now requested. Thus, Defendants'

declaratory judgment claims, and the legal issues raised therein, will be resolved in the Court's assessment of their affirmative defenses to the extent necessary to resolve this case.

In conclusion, because Defendants' counterclaim is nothing more than a request for an opinion on the legal merits of their affirmative defenses, there is no injury-in-fact. The Court, therefore, grants Plaintiffs' motion to dismiss the amended counterclaim for lack of standing. Based on the foregoing, the Court will not decide whether Defendants' counterclaim also fails under Rule 12(b)(6).

Accordingly, it is now

**ORDERED:**

Plaintiffs'/Counter-Defendants' Motion to Dismiss the Amended Counterclaim of Defendants/Counter-Plaintiffs the School Board of Collier County, Florida and Kamela Patton (Doc. 84) is **GRANTED**. Defendants' amended counterclaim is **DISMISSED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 8th day of August 2017.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record