# EXHIBIT G

## Pls.' Second Requests for Production, July 3, 2017

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

| | |
|---|---|
| LESLY METHELUS, on behalf of Y.M., ) <br> a minor; ROSALBA ORTIZ, on behalf of G.O., ) <br> a minor; ZOILA LORENZO, on behalf of M.D., ) <br> a minor; MARIE ANGE JOSEPH, on behalf of ) <br> K.V., a minor; EMILE ANTOINE, on behalf ) <br> of N.A., a minor; LUCENIE HILAIRE ) <br> DUROSIER, on behalf of T.J.H., a minor; ) <br> MARTA ALONSO, as next friend on behalf of ) <br> I.A.; WAYBERT NICOLAS, on behalf of ) <br> themselves and all others similarly situated, ) <br>  ) <br>      Plaintiffs, ) <br>  ) <br> v. ) <br>  ) <br> THE SCHOOL BOARD OF COLLIER ) <br> COUNTY, FLORIDA, and KAMELA PATTON, ) <br> Superintendent of Collier County Public Schools, ) <br> in her official capacity, ) <br>  ) <br>      Defendants. ) <br> _____ ) | Civil Case No. <br> 2:16-cv-00379-SPC-MRM |

**PLAINTIFFS' SECOND REQUESTS FOR PRODUCTION TO DEFENDANTS**
**COLLIER COUNTY SCHOOL BOARD AND KAMELA PATTON**

In accordance with Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs, through

undersigned counsel, request that Defendants the School Board of Collier County, Florida and

Superintendent Kamela Patton produce the following documents, records, and things for

inspection and copying within thirty (30) days of service of these requests at the offices of the

Southern Poverty Law Center, 4770 Biscayne Boulevard, Suite 760, Miami, FL 33137.

In accordance with the provisions of Rule 34(b), Plaintiffs request that Defendants

organize and label these documents, records and data to correspond with the categories in this

request. Defendants should produce all documents and things requested below which are in its custody, possession or control, as well as those in the possession, custody or control of its agents, co-workers, partners, officers, directors, employees, joint ventures, bookkeepers, accountants, attorneys, and all others from whom Defendants may freely secure these documents and things.

If the Defendants objects to fully identifying a document or oral communication because of a privilege, it shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable the Plaintiffs to assess the applicability of the privilege or protection claimed.

The Defendants is obligated to supplement or correct its response under the circumstances specified in Federal Rule of Civil Procedure 26(e).

## DEFINITIONS AND INSTRUCTIONS

1.      The word "document" includes all "writings," "recordings," and "photographs," as those terms are defined in Federal Rule of Evidence 1001, and should be construed in the broadest sense permissible. Accordingly, "document" includes, but is not limited to, all written, printed, recorded or graphic material, photographic matter, sound reproductions, or other retrievable data (whether recorded, taped, or coded electrostatically, electromagnectically, optically or otherwise on hard drive, compact disk, primary or backup tape, audio tape, video tape, or DVD) from whatever source derived and however and by whomever prepared, produced, reproduced, disseminated, or made. Without limiting the generality of the foregoing, "document" includes the original and any non-identical copy and also every draft and proposed draft of all correspondence, internal memoranda, facsimiles, electronic mail, reports, transcripts of telephone conversations, diaries, notebooks, minutes, notes, tests, reports, analyses, studies, testimony,

2

speeches, worksheets, maps, charts, diagrams, computer printouts, online profiles, postings, messages (including, without limitation, tweets, replies, retweets, direct messages, status updates, wall comments, groups joined, activity streams, and blog entries), and other writings or materials of any nature whatsoever, whether or not divulged to other parties, together with any attachments thereto and enclosures therewith. In addition, the word "document" encompasses all forms and manifestations of electronically or optically coded, stored, and/or retrievable information, including but not limited to "e-mail," "voice mail," digital images and graphics, digital or analog audiotapes and files, and digital or analog videotapes and files.

2.      "You" or "your" refers to Defendants the School Board of Collier County, Superintendent Kamela Patton, and/or any associated corporate entities, as well as any employees, officers, supervisees, directors, partners, agents, apparent agents, accountants, attorneys, and all other "persons" acting for them or purporting to represent it or to act on their behalf.

3.      "The District" refers to the School District of Collier County, Florida.

4.      Unless otherwise specified, "Plaintiffs" refers to the named Plaintiffs.

5.      The words "pertain to" or "pertaining to" mean: relates to, reflects, reflecting, tends to reflect, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, and/or corroborates.

6.      The term "Plaintiffs' Complaint" refers to the Second Amended Complaint filed in this action by Lesly Methelus (on behalf of Y.M., a minor), Rosalba Ortiz (on behalf of G.O, a minor), Zoila Lorenzo (on behalf of M.D., a minor), Marie Ange Joseph (on behalf of K.V., a minor), Emile Antoine (on behalf of N.A., a minor), Lucenie Hilaire Durosier (on behalf of T.J.H. a minor), Marta Alonzo (on behalf of I.A., a minor), and Waybert Nicolas, on behalf of

3

themselves and all others similarly situated, against the Collier County School Board and

Kamela Patton, and any subsequent complaints filed by Plaintiffs hereafter.

7.     The singular shall include the plural and vice versa, the terms "and" or "or" shall

be both conjunctive and disjunctive, and the term "including" means "including without

limitation."

8.     You must produce the requested documents as they are kept in the usual course of

business or you must organize and label them to correspond with the categories in this request.

Electronically stored information must be produced in its native format, without alterations of

any kind.

9.     In response to these requests for production of documents, you are to furnish such

documents as are available to you and any to which you have access and any that are currently in

your possession or that of any agent, servant, or employee, included but not limited to doctors,

attorneys, and investigators.

10.     If any requested document was but is no longer in your custody or possession or

subject to your control, state whether it (a) is missing or lost, (b) has been destroyed, or (c) has

been otherwise disposed of. In each such instance, explain the circumstances surrounding such

disposition and state the date or approximate date thereof. If the documents are unavailable

because they have been destroyed, state further the identity of the person who ordered them

destroyed and/or who destroyed them together with the reason for their destruction.

11.     If any documents are withheld from production on the basis of a claim of

privilege, exemption from discovery, or other objection, please furnish the following information

for each such document:

a.   description of the document (e.g., letter, deed, memorandum, computer data file, etc.), including its title if it has any;

b.   date(s) the document was generated or created;

c.   name, address, and telephone number of the author(s) of the document;

d.   name, address, and telephone number of any indicated recipient(s) of the document;

e.   name, address, and telephone number of every person to whom the document has ever been disclosed, and the date(s) and circumstances of each such disclosure;

f.   subject matter of the document;

g.   name, address, telephone number, and position of the person(s) who have custody or control over the document;

h.   number of pages comprising the document; and

i.   basis for claiming privilege or exemption from discovery.

12.   Versions of a "document" in different languages or formats are different documents and must be separately produced.

## DOCUMENTS TO BE PRODUCED

### REQUEST FOR PRODUCTION NO. 55

Please produce all documents (including but not limited to e-mails) relating to Ingrid Alonzo and Marta Alonzo.

### REQUEST FOR PRODUCTION NO. 56

Please produce documents containing lists of search terms used to conduct electronic searches for documents responsive to Plaintiffs' First Request for Production.

**REQUEST FOR PRODUCTION NO. 57**

Please produce all minutes of Collier County Board of Education meetings from January of 2011 to present.

**REQUEST FOR PRODUCTION NO. 58**

Please produce documents showing the students enrolled in Collier County Schools Adult ESOL Programs for the 2011-12, 2012-13, and 2016-17 school years by term, school, birthdate, gender, level of schooling, origin of schooling, country of birth, native language, course title, course start date, course end date, Initial Adult Ed Functioning Level (EFL) (per state assessment policies), and total hours. Please note that Plaintiffs seek with this request the same type of spreadsheets that Defendants produced as part of their initial disclosures, but covering complete data for the three school years not reflected in the data Defendants initially produced.

**REQUEST FOR PRODUCTION NO. 59**

Please provide charts from 2011 to present relating to overage or retained students who are in ninth and tenth grade, identified by age, gender, race, ethnicity, national origin, English Language Learner (ELL) status, and enrollment in the Exceptional Student Education Programs. Please note that Plaintiffs seek with this request the same type of spreadsheet with respect to retained student data that Defendants produced in response to Request for Production 20, except that these new charts should reflect students in the ninth and tenth grades. Please include columns in the chart to identify whether each student is served by the district's Exceptional Student Education Programs for students with disabilities. Please provide documents clarifying the meaning of "Retained SY ___" as used in these charts. For example, if a student is marked as "Grade 11" in the chart labeled "Retained SY 2016," does this mean that the student was enrolled in eleventh grade in 2015-16 and then repeated eleventh grade in 2016-17?

**REQUEST FOR PRODUCTION NO. 60**

Please provide the same charts that Defendants produced in response to Request for Production 20, for students in the eleventh and twelfth grade, but please add to that chart columns to identify whether each student is served by the district's Exceptional Student Education Programs for students with disabilities. Please provide documents clarifying the meaning of "Retained SY ___" as used in these charts. For example, if a student is marked as "Grade 11" in the chart labeled "Retained SY 2016," does this mean that the student was enrolled in eleventh grade in 2015-16 and then repeated eleventh grade in 2016-17?

**REQUEST FOR PRODUCTION NO. 61**

Please reproduce the chart produced in response to Plaintiffs' Request for Production No. 8, with two additions:
1. Please update the chart to include data through the present day (the chart produced covers only data through July 15, 2016).
2. Please add columns in the chart to identify whether each student is served by the district's

Exceptional Student Education Programs for students with disabilities.

**REQUEST FOR PRODUCTION NO. 62**

Please produce documents reflecting individuals enrolled in following programs of the District from 2011 to the present, by school, age, race, ethnicity, national origin, ELL status, and origin of schooling:
- Adult ESOL
- GED preparation
- Adult basic education
- Adult high school

Please note that this request seeks the same information produced by Defendants in response to Request for Production # 29, with the addition of a column reflecting origin of schooling (U.S.-based school vs. non-U.S. based school). Please also ensure that these documents reflect data to the present date.

**REQUEST FOR PRODUCTION NO. 63**

Please provide all documents (including but not limited to e-mails) from 2011 to the present using the term **"**recent student migrant" or "recent student migrants," including but not limited to correspondence to or from District staff members, guidance memoranda, school staff communications, meeting minutes and notes, list serv communications, and training and workshop materials.

**REQUEST FOR PRODUCTION NO. 64**

Please provide all documents (including but not limited to e-mails) from 2011 to the present using the term "migrant non-attender."

**REQUEST FOR PRODUCTION NO. 65**

Please provide all documents (including but not limited to e-mails) using the term "overage high school" or "Adult High School."

**REQUEST FOR PRODUCTION NO. 66**

Please provide all documents (including but not limited to e-mails) from 2011 to the present using the term "Project STRIVE" or "Project Strive."

**REQUEST FOR PRODUCTION NO. 67**

Please provide all emails from 2011 to the present that were either made or received by Kamela Patton, Lazaro Hernandez, Dan Cox, Christy Kutz, Luis Solano, Joseph Martino, Alysia Hall, or Michelle Antonia, and use the word "foreign," "immigrant," "refugee," "ELL," "international," "migrant," "Cuba," "Guatemala," "Haiti," "Creole," "English Learner," "English Language Learner," "Limited English Proficient," or "LEP."

7

**REQUEST FOR PRODUCTION NO. 68**

Please produce documents containing lists of search terms used to conduct electronic searches for documents responsive to Plaintiffs' Second Request for Production.

**REQUEST FOR PRODUCTION NO. 69**

Please produce all documents, including but not limited to e-mails, relating to all Plaintiffs (both the parents/guardians and their children) that have not previously been produced.

**REQUEST FOR PRODUCTION NO. 70**

Please provide all documents (including but not limited to e-mails) using the terms: 1) "overage" or "over age" <u>and</u> 2) "credit" or "credits."

Respectfully submitted,

<u>/s/ *Jessica Zagier Wallace*</u>
Jessica Zagier Wallace
Fla. Bar. No. 956171
Southern Poverty Law Center
4770 Biscayne Blvd., Ste. 760
Miami, Florida  33137
T: 786.347.2056
F: 786.237.2949
Jessica.Wallace@splcenter.org

Michelle R. Lapointe*
GA Bar No. 007080
Gillian B. Gillers*
GA Bar No. 311522
Southern Poverty Law Center
150 East Ponce de Leon Ave., Suite 340
Decatur, GA 30030
T: 404.521.6700
F: 404.221.5857
Michelle.Lapointe@splcenter.org
*\* Admitted Pro Hac Vice*

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this 3rd day of July, 2017 sent via e-mail a copy of the foregoing to the following:

James D. Fox
Roetzel & Andress, LPA
850 Park Shore Drive
Trianon Centre – Third Floor
Naples, Florida  34103
T: 239.649.2705
F: 239.261.3659
jfox@ralaw.com

Jon Fishbane
District General Counsel
Collier County School District
5775 Osceola Trail
Naples, Florida  34109
T: 239.377.0499
F: 239.377.0501
fishbj@collierschools.com

/s/*Jessica Zagier Wallace*
Jessica Zagier Wallace