UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NEHEMY ANTOINE and INGRID
ALONZO,

       Plaintiffs,

v.                                         Case No: 2:16-cv-379-FtM-38MRM

THE SCHOOL BOARD OF COLLIER
COUNTY, FLORIDA and KAMELA
PATTON,

       Defendants.
_____/

## OPINION AND ORDER[1]

Before the Court is Defendants School Board of Collier County, Florida and Kamela Patton's Motion to Dismiss (Doc. 228) and Plaintiffs Nehemy Antoine and Ingrid Alonzo's response in opposition (Doc. 232). For the following reasons, Defendants' motion is granted in part and denied in part.

This is a national origin discrimination action. Plaintiffs are foreign-born, English Language Learner children who were denied access to free public education in Collier County, Florida, through the Defendants' policy and practice of excluding such children from public school. (Doc. 221). The parties have been litigating this case for nearly three

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

years, yet they are still quibbling over the pleadings. Even with a looming summary judgment deadline, Defendants now move to dismiss Plaintiffs' Third Amended Complaint.² (Docs. 23 at 2; 228). Based on Defendants' motion, Plaintiffs' response, and controlling authority, the Court makes the following findings:

First, the Third Amended Complaint is a "proverbial shotgun pleading," as it incorporates all preceding paragraphs into each subsequent count and thus does not comply with Federal Rule of Civil Procedure 8.³ *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006). As a result, the Court dismisses the Third Amended Complaint, but grants Plaintiffs leave to file a fourth (and final) amended complaint.

Second, the Third Amended Complaint contains improper citations to legal authority and legal argument. *See Blount v. Nugen*, No. 6:16-CV-1971-ORL-41KRS, 2016 WL 8793749, at *2 (M.D. Fla. Nov. 15, 2016), report and recommendation adopted, No. 6:16-CV-1971-ORL-41GJK, 2017 WL 1438328 (M.D. Fla. Apr. 24, 2017) ("Citations of case law and statutes are not appropriate in the complaint, but rather may be included

---

² Although labeled a motion to dismiss, Defendants' arguments are better suited procedurally as a motion to strike or motion for a more definite statement. *See, e.g.*, *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1331 n.10 (11th Cir. 2015) (citation omitted); *Hutchings v. Fed. Ins. Co.*, No. 6:08-CV-305-ORL-19KR, 2008 WL 4186994, at *2 (M.D. Fla. Sept. 8, 2008) (citations omitted). Because this case has been pending for nearly three years and discovery is set to expire in less than three weeks, the Court will review the motion as is for the "just, speedy, and inexpensive determination" of this case. Fed. R. Civ. P. 1. Defendants should not expect such leniency from the Court in the future.

³ When Plaintiffs file a fourth amended complaint, they must follow the pleading requirements set forth in the Federal Rules of Civil Procedure. For example, the allegations should be stated "in numbered paragraphs, each limited as far as practicable to a single set of circumstances," rather than in long, run-on paragraphs. Fed. R. Civ. P. 10(b).

at the time of trial or in a motion for summary judgment."); *see also Hernandez v. Century Corr. Inst.*, No. 3:07CV404LAC/EMT, 2010 WL 1531238, at *1 (N.D. Fla. Mar. 31, 2010), report and recommendation adopted, No. 3:07CV404/LAC/EMT, 2010 WL 1531278 (N.D. Fla. Apr. 15, 2010) (finding legal arguments inappropriate in a complaint). Although Defendants do not state with specificity the violating paragraphs, the Court expects Plaintiffs' next pleading to eliminate legal authority and arguments.

Third, the operative pleading continues to include class action allegations the Court rejected in denying class certification on the Equal Educational Opportunities Act, Title VI, Equal Protection, and Florida Educational Equity Act claims. (Docs. 183; 202). Fed. R. Civ. P. 23(d)(1)(D) provides, in pertinent part, "the court may issue orders that . . . require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly." The rule's Advisory Committee Notes explain that "[a] negative determination means that the action should be stripped of its character as a class action." Because class certification is alive only as to the due process claim, the fourth amended complaint must leave out paragraphs 86 to 106 of the Third Amended Complaint and other allegations that do not comport with the Court's prior rulings. (Docs. 183; 202).

Fourth, Defendants' attempt to re-hash their standing argument this Court previously rejected is denied. (Docs. 62 at 27-28; 183 at 11-13; 202 at n.3).

Fifth, although not the model of clarity, the Third Amended Complaint does not re-allege the previously dismissed Title IV and 42 U.S.C. § 1983 claims against Superintendent Patton. (Doc. 221 at ¶¶ 121-150). To that extent, Defendants' motion is denied.

Finally, Defendants' motion to strike three allegations as impertinent or immaterial is granted in part and denied in part. (Doc. 228 at 6-7). Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading . . . any . . . immaterial [or] impertinent . . . matter." "An allegation is immaterial if it has no value in developing the issues of the case." *Jacques v. Jacques*, No. 8:16-CV-1297-T-33TGW, 2016 WL 7034513, at *5 (M.D. Fla. Dec. 1, 2016). In addition, "[a]n allegation is impertinent if it is irrelevant to the issues and which are not properly in issue between the parties." *Id*. A motion to strike should be granted it "the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995) (citations omitted).

Here, the Court strikes paragraphs 37 and 38 on the history of foreign-born unaccompanied minors and a Cuban student who was denied enrollment in 2012 because the paragraphs either confuse the issues or are immaterial and thus have no value in developing the issues of this case. (Doc. 221 at ¶¶ 37-38). The Court, however, denies Defendants' motion to strike paragraph 45, which states, "School officials make the discriminatory assumption that such children are likely to fail academically when they deny them enrollment. This assumption is not based on any testing or assessment of the individual student; rather, the denial of enrollment occurs without any individualized assessment. At most, this determination is based solely on the student's transcript from a prior school." (*Id.* at ¶ 45). The Court finds paragraph 45 is relevant and has value to the issues in this case.

Accordingly, it is now

**ORDERED:**

1. Defendants School Board of Collier County, Florida and Kamela Patton's Motion to Dismiss (Doc. 228) is **GRANTED in part and DENIED in part** to the extent stated above. The Third Amended Complaint (Doc. 221) is **dismissed without prejudice**.

2. Plaintiffs may file a Fourth Amended Complaint **consistent with this Order on or before March 1, 2019. Failure to do so will result in this case being dismissed with prejudice**.

3. Defendants must answer Plaintiffs' Fourth Amended Complaint **on or before March 5, 2019**.

**DONE** and **ORDERED** in Fort Myers, Florida this 25th day of February 2019.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record