# Exhibit 1

# Due Process Settlement Agreement and Administrative Procedure for Policy 5112.01

## **DUE PROCESS CLASS ACTION SETTLEMENT AGREEMENT**

THIS DUE PROCESS CLASS ACTION SETTLEMENT AGREEMENT (the "Agreement") is made this 10 day of June 2019, by and between NEHEMY ANTOINE ("Mr. Antoine") and THE SCHOOL BOARD OF COLLIER COUNTY, FLORIDA, and SUPERINTENDENT KAMELA PATTON (collectively the "School Board" or "Defendants").

## **RECITATIONS**

1. Mr. Antoine, Kamela Patton, and the School Board (collectively, the "Parties") are engaged in a lawsuit filed in the Fort Myers Division of the Middle District of Florida United States District Court, bearing caption. *Antoine, et al. v. The School Board of Collier County, et al.*, Case No. 2:16-CV-379-SPC-MRM (the "Lawsuit); and

2. The Parties neither admit nor deny any claims or liabilities alleged in the Lawsuit. The Parties have determined to settle and compromise all claims to avoid the time, expense, burden, and uncertainty of further litigation; and

3. The Parties, after negotiation and discussion, had previously agreed, except for Count IV of the Fourth Amended Complaint (Class Action: Due Process), to the manner and form of this final settlement of their differences and that Settlement Agreement settled any and all claims and matters that the parties had whatsoever, arising out of the Lawsuit and all matters comprising the Lawsuit, except for Count IV of the Fourth Amended Complaint (Class Action: Due Process), and on or about May 7, 2019 entered into a Settlement Agreement reducing their agreement to writing; and

4. The Parties to this Agreement, after negotiation, discussion, and mediation by Magistrate Judge Douglas N. Frazier, have agreed to the manner and form of the attached "administrative procedure" (Exhibit A) to settle their differences with respect to Count IV of the Fourth Amended Complaint (Class Action: Due Process) and this Agreement settles any and all claims and matters that the parties had whatsoever, arising out of the Lawsuit and all matters comprising the Lawsuit; and

5. The Parties desire to reduce their agreement to writing by this Agreement, so that it may be binding upon them.

6. In light of the certification of the Due Process claim (Count IV) as a class action under Rule 23(b)(2) of the Federal Rules of Civil Procedure (Doc. 198), the District Court for the Middle District of Florida must approve the settlement of the Due Process claim pursuant to Rule 23(e). The class definition approved by the Court is as follows:

    All foreign-born, English Language Learner (ELL) children ages fifteen to twenty-one whose last completed schooling (not including adult education courses) was at a non-U.S. school, and who, after August 1, 2013, while residing in Collier County, sought or will seek to enroll in the Collier County public school system serving grades K-12, and were or will be denied enrollment by the Defendants.

## TERMS OF AGREEMENT

In consideration of the foregoing representations and of the mutual covenants, promises and considerations set forth below, with the intent to be legally bound, it is agreed by and between the parties as follows:

7. Recitations: The foregoing Recitations are true and correct, and they are incorporated in their entirety by reference herein. The Recitations shall be binding on the Parties by way of contract.

8. Effectiveness: This Settlement Agreement shall become effective only after the Court finally approves it, dismisses the case with prejudice, and enters a Judgment that becomes Final.

9. Court Approval of Settlement: The Parties agree that upon approval by the School Board of this Agreement and the Administrative Procedure, and following the period of time prescribed by the Class Action Fairness Act (28 U.S.C. § 1715), the Parties will submit a Joint Motion for Approval of the Class Action Settlement, pursuant to Federal Rule of Civil Procedure 23(e). The Parties understand the deadline for submission of their proposed settlement to be June 10, 2019, pursuant to the Court's order of May 24, 2019 (ECF No. 267). All Parties agree to take such actions as are reasonably necessary to obtain the Court's approval of this Settlement, including filing memoranda in opposition to any objections to this Settlement or its terms and defending this Settlement from any challenges at any hearing. Plaintiff and Defendants shall request and shall take such actions as are reasonably necessary to have the Court grant a Final Judgment in the lawsuit by entering a final Order which provides that the Court approves this Settlement and its terms as fair, reasonable and adequate, provides for the implementation of all of the Settlement's terms and provisions, finds that the notice given to the class satisfied the requirements of due process and Rule 23(e) of the Federal Rules of Civil Procedure, and dismisses the claims of the Named Plaintiff with prejudice.

10. Performance: Within 14 days of the effective date of the settlement as described above in paragraph 8, the Administrative Procedure to School Board Policy 5112.01 ("Administrative Procedure") proposed by Magistrate Judge Frazier on May 20, 2019 as a result of the Parties' negotiations, and accepted by the Parties (Ex. A, Administrative Procedure for Policy 5112.01), will be fully implemented by the Collier County School District and will be binding on all employees of the District. At that time, the Administrative Procedure will be uploaded to the website of Collier County Public Schools (https://www.collierschools.com/).

11. Notice: The School Board of Collier County has posted notice to the public of the settlement of this case pursuant to the requirements Florida's Government in the Sunshine

Law for public meetings and official actions. Additionally, upon execution of this Settlement, the District will post notice on its website and at the location at Lorenzo Walker Technical College ("Lorenzo Walker") and Immokalee Technical College ("iTech"), where notices are regularly posted. The posting at Lorenzo Walker and iTech will include identification of the case and the class definition, will note that the posting is in accordance with the class action claim settlement, and will remain posted for a 30 day period. The notice will be provided in Spanish and Haitian Creole in addition to English, and will include the agreed to Administrative Procedure 5112.01 and will note that the settlement is subject to final court approval.

12. <u>Notice Pursuant to the Class Action Fairness Act</u>. Within ten (10) days of the filing of the Settlement with the Court, Defendant will, pursuant to the Class Action Fairness Act ("CAFA"), mail the notice and documents required by CAFA to the Attorney General of the United States and the appropriate state official in Florida. The Parties believe that no other state entities other than those identified above need to be notified of this Settlement pursuant to CAFA. Defendant shall file a Notice with the Court within five (5) business days after completion of the required CAFA mailings.

13. This Settlement is subject to final approval by the Court. If the Court declines to grant final approval of this Settlement and/or to dismiss this action with prejudice, it will be null and void and each Party shall return to the *status quo ante*, except that the Parties will jointly move for leave for Plaintiffs to file a Fifth Amended Complaint, as described in paragraph 13 below. In the event an appeal is filed from any of the Court's orders, or any other appellate review is sought prior to the complete implementation of all aspects of the Settlement, administration and implementation of the Settlement shall be stayed pending final resolution of the appeal or other appellate review.

14. If the Court should decline to approve this Settlement Agreement, Plaintiffs will have ten days from the date from that decision for Plaintiffs to file their Fifth Amended Complaint in *Antoine et al. v. School Board of Collier County, et al.*, Case No. 2:16-cv-00379 (M.D. Fla), dismissing Counts I, II, III, and V as to both Plaintiffs and to dismissing Plaintiff Alonzo.

15. <u>Costs and Expenses</u>: The Parties agree that each shall bear his/her/its own costs, including attorneys' fees, incurred in connection with the Lawsuit. In the event any Party files any litigation or claim with respect to this Agreement, or any item which is part of the matters settled, the prevailing party or parties shall be entitled to recover all costs incurred as a result thereof, including reasonable attorneys' fees.

16. <u>Release</u>. In consideration of the approval of this agreement, including the adoption and implementation of the Administrative Procedure by Defendants, Plaintiff, along with his attorneys, agents, successors, affiliates, heirs and assigns, fully, finally and forever releases,

discharges and holds harmless Defendants from any and all claims that were or could have been asserted in the Fourth Amended Complaint.

17. Entire Agreement: This written Agreement along with the May 7, 2019 Partial Settlement Agreement and Releases constitute the entire agreement between the Parties with regard to Count IV, Due Process, and may not be amended or modified except in writing by each of the Parties, or as required by the Court. The May 7, 2019 Partial Settlement Agreement and Releases remain in full force and effect.

18. Construction: This Amendment is the joint product of the respective Parties and may not be more strictly construed against any party.

19. Full Disclosure: The Parties acknowledge and agree that each is foregoing certain rights and assuming certain duties and obligations which, but for this Agreement, would not have been released or assumed. Accordingly, the parties agree that this Agreement is fully and adequately supported by consideration, is fair and reasonable, and that the parties have had the opportunity to discuss the matter with counsel of their choice.

20. Authorization of Parties to Sign: James D. Fox is not authorized by Kamela Patton or the School Board to settle this matter and his signature in no way binds the School Board. By signing this agreement Mr. James D. Fox, Esq. is however bound to *recommend* this Agreement and the Administrative Procedure to the School Board, pursuant to the rules of the court requiring representatives of governmental entity to recommend a settlement if one is reached. This Agreement will not be binding upon the School Board unless and until it is approved by the School Board and signed by its authorized representative.

21. Counterparts: This Agreement may be executed in any number of counterparts with the same effect as if all such parties executed the same document; all such counterparts shall constitute one agreement; and copies of the Agreement shall have the same force and effect as an original. This Agreement may be executed in any number of counterparts with the same effect as if all such parties executed the same document; all such counterparts shall constitute one agreement; and copies of the Release shall have the same force and effect as an original.

22. Severability: If any part of this Agreement is found unenforceable all other parts shall remain in full force and effect.

23. Governing Law and Venue: This Agreement and all documents executed in connection with this Agreement are governed by and shall be interpreted under Florida law, and venue may lie in in the U.S. District Court for the Middle District of Florida, to the extent that that court has jurisdiction, or the appropriate state court.

IN WITNESS WHEREOF, the Parties, by their duly authorized agents, have signed and sealed this Settlement Agreement the day and year first written above.

James D. Fox., attorney for School Board and Kamela Patton

*[signature]*

Jon Fishbane
District General Counsel

The School Board of Collier County, Florida

Roy Terry
By: *[signature]*
Its: 6-10-19 / BOARD CHAIR

Kamela Patton, Ph.D.
Superintendent

*[signature]* Kamel Patton, Superintendent

Michelle R. Lapointe, attorney for
Nehemy Antoine and Ingrid Alonzo

*Michelle Lapointe /vbl*

Nehemy Antoine

*[signature]*

13905480_1 017748.0522

Page 5 of 4

## ADMINISTRATIVE PROCEDURE (AP) FOR POLICY 5112.01: MAXIMUM AGE FOR PARTICIPATION IN THE REGULAR HIGH SCHOOL PROGRAM

When the Collier County School District, pursuant to School Board Policy 5112.01, makes a determination that a student is ineligible to attend the regular public high school program, the student, if age 18 years or older, or the parent of the student, if age 17 years old, will be notified in writing within ten (10) days of the ineligibility determination. A "parent" shall be defined as provided in F.S. 1000.21(5). The notification must include a recommendation of placement in the Adult Education Program, rather than high school, if appropriate; the number of credits awarded for previous coursework; the number of credits required for graduation; copies of any translations of transcripts or translations of other academic records relied upon by the District staff in reaching their enrollment determination; a list of appropriate credit recovery programs available to students; notification that the decision may be appealed in accordance with this Administrative Procedure, a copy of which is attached herewith; and notice should be provided that if at any juncture of the process the parent or student believes the student has special needs that could qualify the student for special education services, that they have the right to be assessed pursuant to federal law.

The notice must be written in English and, if practicable, in the language spoken by both the parent and the student. In the event that a parent needs translation support at any level of appeal, the parent may request, and the District will provide, if practicable, a translator for such language.

If a parent, or a student over 18 years of age, does not agree with the enrollment decision reached by the District staff, such parent or student may request a meeting with the Associate Superintendent of Curriculum and Instruction (Associate Superintendent of C&I). The request for such a meeting must be made in writing within fifteen (15) days of the issuance of that decision, including whether the parent or student will bring a friend, relative, or representative. The Associate Superintendent of C&I will schedule a meeting within seven (7) days of receiving the parent or student's request. If an understanding is not reached at the meeting, the parent or student may file a written appeal to the Office of the Associate Superintendent for School and District Operations ("Associate Superintendent for Operations"). The request for an appeal must be received within fifteen (15) days of the decision of the Associate Superintendent of C&I.

Upon receipt of the appeal, the Associate Superintendent of C&I will arrange for an administrative hearing to be held within twenty (20) days of receipt of the written appeal so that the parent or student may present his or her concerns for additional review. District staff involved in the enrollment decision will be notified and required to attend the administrative hearing. The student and/or parent will be provided notice, including the date, time, and location of the hearing, at least five (5) business days prior to the hearing. The Associate Superintendent of C&I will notify the parties at least five (5) business days prior to the hearing of what documents each party is to bring, if any, to assist in an appropriate review.

The appeal shall be heard and reviewed before a panel that will include the following: The Associate Superintendent for Operations, the Administrative Director of School Leadership (secondary schools), a high school principal, and a high school Counseling Department Chair, and the Coordinator of English Language Learner Services ("ELL"). The hearing will be recorded and

a copy of the recording will be made available to the student or parent upon request. The student and/or parent may bring a friend, relative, legal counsel, or other representative to the hearing and will be given the opportunity to participate and discuss related issues believed to be pertinent for the panel to consider. Decisions will be made by a majority vote of all panel members. The decision reached on appeal shall be final and complete as to the enrollment matter under review.

After the hearing, and within twenty (20) days of the hearing, the Associate Superintendent for Operations will inform the parent or the student of the panel's decision. This decision will be made in writing in English and the language understood by both the parent and the student. The decision reached on appeal shall be final and complete as to the enrollment matter under review.

**Request for Hearing Before Appeals Panel**

By signing below, I hereby request a hearing to appeal the District's decision to deny _____ enrollment in the regular high school program of the Collier County Public Schools.

I understand that I have the right to bring an advocate, which may include a relative, friend, or an attorney, at my own expense, to the hearing and that I may present evidence and witnesses at the hearing.

I understand that upon my request, this hearing shall be scheduled for twenty (20) days from the date listed below.

_____   _____   _____
Signature                                                    Relationship to Student                    Date

Received by: _____

Date: _____